### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IMAGE PROCESSING TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>CANON INC.;<br>CANON U.S.A., INC.,<br><br>    Defendants. | Case No. 10-CV-03867 (LDW)(ETB)<br><br>ECF Case<br><br>**AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Image Processing Technologies, LLC ("Image Processing") for its Amended Complaint for patent infringement against Defendants Canon Inc. and Canon U.S.A., Inc. (collectively, "Canon") hereby alleges as follows and demands a jury trial on all issues so triable.

### NATURE OF THE ACTION

1.  This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.*, brought against Canon for violation of those laws.

### PARTIES

2.  Image Processing Technologies, LLC is a New York limited liability company with a principle place of business at 75 Montebello Road, Suffern, New York 10901-3746.

3.  On information and belief, Defendant Canon Inc. is a Japanese corporation with its principle place of business at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan.

4.     On information and belief, Defendant Canon U.S.A., Inc. is a New York corporation having its principle place of business at One Canon Plaza, Lake Success, New York, 11042.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Canon Inc. because Canon Inc. has transacted business in this judicial district and/or has committed acts of infringement in this judicial district.

7.     This Court has personal jurisdiction over Canon U.S.A., Inc. because Canon U.S.A., Inc. maintains its principle place of business within the Eastern District of New York, and further because Canon U.S.A., Inc. has transacted business in this judicial district and/or has committed acts of infringement in this judicial district.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,190,725

9.     Image Processing realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 8.

10.     On March 13, 2007, U.S. Patent Application No. 10/189,281 duly and legally issued as U.S. Patent No. 7,190,725 ("the '725 Patent"), entitled "System and Methods for Smoothing an Input Signal."

11.     Image Processing is the owner of all right, title, and interest in the '725 Patent.

12.     A true and correct copy of the '725 Patent is attached as Exhibit A to this Complaint.

13.     Canon's EOS-1D Mark IV Camera ("EOS-1D Mark IV") and EOS-1D Mark III Camera ("EOS-1D Mark III") are marketed and sold in the United States.

14.     On information and belief, Canon Inc. has imported and/or currently imports the EOS-1D Mark IV and EOS-1D Mark III into the United States.

15.     On information and belief, Canon U.S.A., Inc. has imported and/or currently imports the EOS-1D Mark IV and EOS-1D Mark III into the United States.

16.     On information and belief, Canon Inc. has sold and offered the EOS-1D Mark IV and EOS-1D Mark III for sale, and/or continues to sell and offer the EOS-1D Mark IV and EOS-1D Mark III for sale, in the United States.

17.     On information and belief, Canon Inc. has directed Canon U.S.A., Inc. to sell and offer for sale the EOS-1D Mark IV and EOS-1D Mark III, and continues to direct Canon U.S.A., Inc. to sell and offer for sale the EOS-1D Mark IV and EOS-1D Mark III, in the United States.

18.     Canon Inc. was and is aware that Canon U.S.A., Inc. sells and offers for sale the EOS-1D Mark IV and EOS-1D Mark III, in the United States.

19.     Canon Inc. has provided, and continues to provide the EOS-1D Mark IV and EOS-1D Mark III to Canon U.S.A., Inc. with the intent that the EOS-1D Mark IV and EOS-1D Mark III be sold and offered for sale by Canon U.S.A., Inc. in the United States.

20.     On information and belief, Canon Inc. has provided and continues to provide Canon U.S.A., Inc. with marketing and sales support directed towards sales within the United States of the EOS-1D Mark IV and EOS-1D Mark III.

21.     Canon U.S.A., Inc. has sold and offered the EOS-1D Mark IV and EOS-1D Mark III for sale, and continues to sell and offer the EOS-1D Mark IV and EOS-1D Mark III for sale, in the United States.

22.     Canon Software Development Kits for use with the EOS-1D Mark IV and EOS-1D Mark III are publicly available for download, but subject to the terms of a "click through" license agreement that purports to preclude reverse engineering.

23.     On information and belief, the Software Development Kits available from Canon for use with the EOS-1D Mark IV and EOS-1D Mark III reveal details of operation of the EOS-1D Mark IV and EOS-1D Mark III that will be informative on the issue of the infringement of the '725 Patent with respect to the EOS-1D Mark IV and EOS-1D Mark III.

24.     Image Processing, through counsel, contacted Canon on May 4, 2010, on June 4, 2010, and again on July 6, 2010 to request that Canon agree that Image Processing be allowed to review its Software Development Kits under appropriate conditions.  A true and correct copy of the correspondence sent by Image Processing to Canon is attached as Exhibit B.

25.     Canon did not respond to Image Processing's correspondence prior to the filing of Image Processing's original Complaint.

26.     Image Processing included a copy of the '725 Patent in its July 6, 2010 correspondence to Canon.

27.     Canon has been aware of the '725 Patent since at least July 6, 2010.

28.     On information and belief, and as will be shown after a reasonable opportunity for discovery, Canon products that include the DIGIC 4 processor, including at least Canon's EOS-1D Mark IV, are covered by and/or perform processes covered by, one or more claim of the '725 Patent.

29.     On information and belief, and as will be shown after a reasonable opportunity for discovery, Canon products that include the DIGIC 3 processor, including at least Canon's EOS-1D Mark III, are covered by and/or perform processes covered by, one or more claim of the '725 Patent.

30.     On information and belief, Canon has infringed and continues to infringe the '725 Patent directly, contributorily, and/or by active inducement, by making, using, marketing, selling, offering to sell, importing and/or supporting products that include the DIGIC 4 processor, including at least the EOS-1D Mark IV, and also products that include the DIGIC 3 processor, including at least the EOS-1D Mark III, and by inducing its customers to use such products, including in this District.

## <u>COUNT II</u>
## INFRINGEMENT OF U.S. PATENT NO. 6,959,293

31.     Image Processing realleges and incorporates herein by reference the allegations contained in Paragraphs 1-8 and 13-25.

32.     On October 25, 2005, U.S. Patent Application No. 09/792,436 duly and legally issued as U.S. Patent No. 6,959,293 ("the '293 Patent"), entitled "Method and Device for Automatic Visual Perception."

33.     Image Processing is the owner of all right, title, and interest in the '293 Patent.

34.     A true and correct copy of the '293 Patent is attached as Exhibit C to this Complaint.

35.     Canon's PowerShot G10 Camera ("PowerShot G10") and PowerShot G12 Camera ("PowerShot G12") are marketed and sold in the United States.

36.     On information and belief, Canon Inc. has imported and/or currently imports the PowerShot G10 and PowerShot G12 into the United States.

37.     On information and belief, Canon U.S.A., Inc. has imported and/or currently imports the PowerShot G10 and PowerShot G12 into the United States.

38.     On information and belief, Canon Inc. has sold and offered the PowerShot G10 and PowerShot G12 for sale, and/or continues to sell and offer the PowerShot G10 and PowerShot G12 for sale, in the United States.

39.     On information and belief, Canon Inc. has directed and continues to direct Canon U.S.A., Inc. to sell and offer for sale the PowerShot G10 and PowerShot G12 in the United States.

40.     Canon Inc. was and is aware that Canon U.S.A., Inc. sells and offers for sale the PowerShot G10 and PowerShot G12 in the United States.

41.     Canon Inc. has provided, and continues to provide the PowerShot G10 and PowerShot G12 to Canon U.S.A., Inc. with the intent that the PowerShot G10 and PowerShot G12 be sold and offered for sale by Canon U.S.A., Inc. in the United States.

42.     On information and belief, Canon Inc. has provided and continues to provide Canon U.S.A., Inc. with marketing and sales support directed towards sales within the United States of the PowerShot G10 and PowerShot G12.

43.     Canon U.S.A., Inc. has sold and offered the PowerShot G10 and PowerShot G12 for sale, and continues to sell and offer the PowerShot G10 and PowerShot G12 for sale, in the United States.

44.     Canon Software Development Kits for use with the PowerShot G10 are publicly available for download, but subject to the terms of a "click through" license agreement that purports to preclude reverse engineering.

45.     On information and belief, Canon Software Development Kits for use with the PowerShot G12 are publicly available for download, but subject to the terms of a "click through" license agreement that purports to preclude reverse engineering.

46.     On information and belief, the Software Development Kits available from Canon for use with the EOS-1D Mark IV, PowerShot G10 and PowerShot G12 reveal details of operation of the EOS-1D Mark IV, PowerShot G10 and PowerShot G12 that will be informative on the issue of the infringement '293 Patent with respect to the EOS-1D Mark IV, PowerShot G10, and PowerShot G12.

47.     Image Processing included a copy of the '293 Patent in its July 6, 2010 correspondence to Canon.  (See Exhibit B.)

48.     Canon has been aware of the '293 Patent since at least July 6, 2010.

49.     On information and belief, and as will be shown after a reasonable opportunity for discovery, Canon products that include the DIGIC 4 processor, including at least Canon's EOS-1D Mark IV, PowerShot G10, and PowerShot G12 are covered by and/or perform processes covered by, one or more claim of the '293 Patent.

50.     On information and belief, Canon has infringed and continues to infringe the '293 Patent directly, contributorily, and/or by active inducement, by making, using, marketing, selling, offering to sell, importing and/or supporting products that include the DIGIC 4 processor, including at least the EOS-1D Mark IV, PowerShot G10, and PowerShot G12, and by inducing its customers to use such products, including in this District.

## DAMAGES

51.     Image Processing has been damaged a result of Canon's infringing activities, and will continue to suffer damage.

52.     Image Processing is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, and 284.

53.     On information and belief, and as will be shown after a reasonable opportunity for discovery, Canon has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, and that this objectively-defined risk was either known or so obvious that it should have been known to Canon, and therefore, Canon's infringement has been and/or continues to be willful, making this an exceptional case under 35 U.S.C. § 285 and entitling Image Processing to treble damages under 35 U.S.C. § 284.

## JURY DEMAND

54.     Pursuant to Federal Rule of Civil Procedure 38(b)(1), Image Processing hereby demands trial by jury for all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Image Processing prays for judgment as follows:

A.     That Canon has infringed the '725 Patent and the '293 Patent;

B.     That Canon has willfully infringed the '725 Patent and the '293 Patent;

C.     That Image Processing be awarded damages sufficient to compensate it for Canon's infringement;

D.     That Image Processing be awarded prejudgment and post-judgment interest;

E.     That Image Processing be awarded increased damages in an amount not less than three times the damages assessed, in accordance with 35 U.S.C. § 284;

F.      That the case be deemed exceptional under 35 U.S.C. § 285, and Image Processing be awarded its reasonable attorneys' fees, expenses, and costs incurred in this action;

G.      That Image Processing be awarded such other and further relief as this Court deems just and proper.

Dated:  November 12, 2010                    Respectfully Submitted,

                                             /s/ Russell E. Levine
                                             Russell E. Levine, P.C.
                                             KIRKLAND & ELLIS LLP
                                             601 Lexington Avenue
                                             New York, NY 10022
                                             Telephone:  (212) 446-4800
                                             Facsimile:  (212) 446-4900
                                             russell.levine@kirkland.com

                                             Craig D. Leavell
                                             Serena J. Pruitt
                                             Christopher J. Coulson
                                             KIRKLAND & ELLIS LLP
                                             300 North LaSalle
                                             Chicago, IL 60654
                                             Telephone:  (312) 862-2000
                                             Facsimile:  (312) 862-2200
                                             craig.leavell@kirkland.com
                                             serena.pruitt@kirkland.com
                                             chris.coulson@kirkland.com

                                             *Attorneys for Image Processing Technologies, LLC*