UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
IMAGE PROCESSING TECHNOLOGIES, LLC,

                       Plaintiff,                                    ORDER

    -against-                                                       CV 10-3867 (SJF)(ETB)

CANON INC.,
CANON U.S.A., INC.,

                       Defendants.
------------------------------------------------------------------------X

This action commenced with the filing of a Complaint in August 2010 - approximately seventeen months ago. All discovery, including experts, was originally scheduled for completion on September 30, 2011, based on Judge Wexler's trial-ready rule of nine months. (Order of Boyle, J., dated Dec. 10, 2010.) On the reassignment of this action to Judge Feuerstein, fact discovery was extended to December 16, 2011. (Order of Boyle, J., dated Oct. 3, 2011.) The fact discovery completion date was later further extended to January 6, 2011. (Order of Boyle, J., dated Dec. 13, 2011.)

At the outset of this action, by Order dated September 1, 2010, I informed the parties that to support a request for court intervention to compel disclosure, "discovery demands must be served at least forty-five (45) days in advance of the discovery completion" and that any motion relating to such a demand must be filed "at least thirty (30) days prior to discovery completion." (Order of Boyle, J., dated Sept. 1, 2010 at 2 No. 4.) This Order anticipates exactly what happened here - a flurry of activity at the end of the discovery period - culminating in a request for a further extension. In the absence of the above Order, discovery potentially goes on ad

infinitum. The purpose of the Order is to insure the parties complete discovery within the schedule set by the Court.

Notwithstanding this clear directive, on January 6, 2011 - the last day of fact discovery completion - the plaintiff, Image Processing Technologies, has filed five separate motions seeking to compel production of additional documents and supplemental Rule 30(b)(6) depositions. In direct violation of the Order dated September 1, 2010, the plaintiff now seeks a further extension of fact discovery. In effect, the plaintiff seeks to set the schedule in this action, thereby usurping - or at the least, ignoring - the role of the Court with respect to the case management of this action.

The requests for additional document production/additional Rule 30(b)(6) depositions contained in the five separate motions to compel consist of broad and burdensome additional disclosure: (1) Motion "#1": all Canon products "that include DIGIC 5, DIGIC DV II or DIGIC DV III processing that contain the functionality currently accused of infringement . . . ," (Letter Mot. of Craig D. Leavell at 1); (2) Motion "#2": "discovery regarding licensing policies, comparable technology licenses, and royalty payments records . . . as well as further 30(b)(6) testimony," (Letter Mot. of Craig D. Leavell, dated Jan. 6, 2012, at 1); (3) Motion "#3": production of "financial discovery" and additional 30(b)(6) testimony to cure alleged deficiencies; (4) Motion "#4": to compel additional 30(b)(6) testimony regarding "accused functionality" and "the use of that functionality . . . ," (Letter Mot. of Craig D. Leavell, dated Jan. 6, 2012, at 1); and (5) Motion "#5": a renewed[1] request for leave to conduct three additional Rule

---

[1] By Order dated November 30, 2011, the Court denied as premature a request by plaintiff to conduct eight additional Rule 30(b)(6) depositions, without prejudice to renewal by a formal motion initiated by a request for a pre-motion conference. Ignoring that directive, the

30(b)(6) depositions and that these depositions be conducted in New York, notwithstanding that two of the named individuals are permanent residents of Japan. In all, the plaintiff requests seven additional Rule 30(b)(6) witness depositions, in addition to substantial additional document discovery.

"[A] scheduling order is the critical path chosen by the [court] and the parties to fulfill the mandate of [Federal Rule of Civil Procedure] 1 in 'secur[ing] the just, speedy, and inexpensive determination of every action.'" Hnot v. Willis Group Holdings Ltd., No. 01 Civ. 6558, 2006 WL 2381869, at *3 (S.D.N.Y. Aug. 17, 2006) (quoting Marcum v. Zimmer, 163 F.R.D. 250, 253 (S.D. W.Va. 1995)). It is not "a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Hnot, 2006 WL 2381869, at *3 (quoting Goewey v. United States, 886 F. Supp. 1268, 1283 (D.S.C. 1995)).

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The requirement of good cause reflects the crucial role that such orders play in allowing a district court to effectively control and manage its docket." Jean-Louis v. Metropolitan Cable Commc'ns, Inc., No. 09 Civ. 6831, 2010 WL 1778794, at *1 (S.D.N.Y. Apr. 29, 2010) (citation omitted). To establish good cause, the moving party must "demonstrate diligence in its effort to comply with the court-ordered deadlines." Hnot, 2006 WL 2381869, at *3 (citing Parker v. Columbia Pics. Indus., 204 F.3d 326, 340 (2d Cir. 2000)). As the Second Circuit has held, "the discovery period should not be extended when a party has had ample opportunity to pursue the

---

plaintiff, by Motion #5, files another letter motion. This Motion #5 is denied, without prejudice to renewal, based on the failure to comply with the initial denial order.

evidence during discovery." Carlson v. Geneva City Sch. Dist., No. 08-CV-6202, 2011 U.S. Dist. LEXIS 107072, at *12 (W.D.N.Y. Sept. 19, 2011) (citing Trebor Sportswear Co., Inc. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989)) (additional citation omitted).

The plaintiff has been afforded an adequate opportunity to conduct fact discovery in this action. See Fed. R. Civ. P. 26(b)(1)(2)(C)(ii) ("The party seeking discovery has had ample opportunity to obtain the information by discovery in this action."). Plaintiff has failed to address the failure to comply with the terms of the initial scheduling order, which provides that any motion to compel must be filed at least thirty days prior to the discovery completion date. Lastly, plaintiff fails to set forth good cause that would warrant modification of the scheduling order in this action. Fact discovery has already been extended on two prior occasions and any further extension will jeopardize the trial-ready status of this action when the parties appear before the trial judge in July 2012.

For the foregoing reasons, the plaintiff's application with respect to Motions #1 through #4 is denied as untimely. With respect to Motion #5, the motion is denied, without prejudice to renewal, in compliance with the Order dated November 30, 2011.

**SO ORDERED:**

Dated: Central Islip, New York
　　　　January 23, 2012

　　　　　　　　　　　　　　　　　　/s/ E. Thomas Boyle
　　　　　　　　　　　　　　　　　　E. THOMAS BOYLE
　　　　　　　　　　　　　　　　　　United States Magistrate Judge