UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
IMAGE PROCESSING TECHNOLOGIES, LLC,

                          Plaintiff,                                <u>ORDER</u>

    -against-                                                          CV 10-3867 (SJF)(ETB)

CANON INC.,
CANON U.S.A., INC.,

                          Defendants.
----------------------------------------------------------------------X

       By letter motion dated January 25, 2012, the plaintiff, Image Processing Technologies, LLC, seeks reconsideration of the Court's January 23, 2012 Order denying plaintiff's four motions to compel as untimely. Plaintiff's motion is denied.

       Motions for reconsideration in this district are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court. <u>See</u> <u>Ehrlich v. Inc. Vill. of Sea Cliff</u>, No. CV 04-4025, 2007 WL 1593241, at *1 (E.D.N.Y. June 1, 2007) ("A motion for reconsideration is within the sound discretion of the district court."); <u>Hunt v. Enzo Biochem, Inc.</u>, No. 06 Civ. 170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007) ("Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court."). "Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" <u>Hunt</u>, 2007 WL 1346652, at *1 (quoting <u>In re Health Mgmt. Sys., Inc. Sec. Litig.</u>, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). For this reason, Local Civil Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." <u>Dietrich v. Bauer</u>,

76 F. Supp. 2d 312, 317 (S.D.N.Y. 1999); see also Ehrlich, 2007 WL 1593241, at *2 (stating that it is well settled in the Second Circuit that the standard for granting a motion for reconsideration is "strict"); Church of Scientology Int'l v. Time Warner, Inc., No. 92 Civ. 3024, 1997 WL 538912, at *2 (S.D.N.Y. Aug. 27, 1997) ("The standards for reargument are strictly applied in order to preserve scarce judicial resources and avoid piecemeal litigation.").

"To prevail on a motion for [reconsideration], the movant 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" Church of Scientology, 1997 WL 538912, at *2 (quoting Gill v. Gilder, No. 95 Civ. 7933, 1997 WL 419983, at *2 (S.D.N.Y. July 28, 1997)). "A motion for reconsideration is not a substitute for appeal . . . Nor is it 'a second bite at the apple for a party dissatisfied with a court's ruling.'" Hunt, 2007 WL 1346652, at *1 (quoting Pannonia Farms, Inc. v. USA Cable, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004)). Accordingly, a party may not merely offer the same arguments that were previously submitted to the court when seeking reconsideration. See Giordano v. Thomson, No. 03-CV-5672, 2006 WL 1882917, at *1 (E.D.N.Y. June 26, 2006) ("The Court cannot merely consider the same arguments that were previously submitted.") (citing Ruiz v. Comm'r of the D.O.T. of New York, 687 F. Supp. 888, 890 (S.D.N.Y. 1988), modified on other grounds, 934 F.2d 450 (2d Cir. 1991)).

Moreover, a party is not permitted to "advance new facts, issues or arguments not previously presented to the Court" on a motion for reconsideration. Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991) (quotation omitted). "Indeed, a party requesting [reconsideration] 'is not supposed to treat the court's initial decision

as the opening of a dialogue in which that party may then use Rule [6.3] to advance new facts and theories in response to the court's rulings.'" Church of Scientology, 1997 WL 538912, at *2 (quoting Woodard v. Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y. 1994) ("The restrictive application of Local Rule 6.3 helps to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.") (quotation omitted).

Plaintiff fails to point to any controlling law that the Court overlooked in denying its motions to compel. Rather, plaintiff's letter motion is nothing more than a rehash of the arguments previously raised in support of their four motions to compel. As stated above, this is insufficient to warrant the Court's reconsideration of its Order.

Moreover, to the extent that plaintiff is asserting facts or arguments that were not raised in connection with the underlying motions, it is well-settled that "[a] party may not, on a motion for [reconsideration], raise an argument for the first time." Church of Scientology, 1997 WL 538912, at *2 (citing cases); see also In re Currency Conversion Fee Antitrust Litig., 229 F.R.D. 57, 60 (S.D.N.Y. 2005) ("[A] motion for reconsideration cannot assert new arguments or claims which were not before the court on the original motion."). The submission of new arguments or claims generally results in a denial of the motion. See, e.g., Hunt, 2007 WL 1346652, at *2 (denying motion for reconsideration where plaintiffs attempted to advance "a completely new theory"); In re Currency, 229 F.R.D. at 62 ("Plaintiffs concede . . . that they did not raise this issue prior to their motion for reconsideration . . . Accordingly, this Court denies plaintiffs' motion for reconsideration on this issue."); Wiesner v. 321 W. 16th St. Assocs., No. 00 Civ. 1423, 2000 WL 1585680, at *4 (S.D.N.Y. Oct. 25, 2000) ("Plaintiffs' motion for reconsideration is denied because the Plaintiffs raise new arguments and cite to case law not previously put before

the Court.").

Based on the foregoing, plaintiff's request for reconsideration is DENIED.

**SO ORDERED:**

Dated: Central Islip, New York
January 26, 2012

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge